CALLAN v. CALLAN et al.

O'BEIRNE v. SAME.

(Supreme Court, Appellate Division, First Department. January 31, 1913.)

APPEAL AND ERROR (§ 564*)—FILING CASES—EXTENSION OF TIME.

Where appellant's attorney failed to comply with the court rules requiring him to print and serve the case and papers on appeal, and made a willfully false affidavit to excuse such default, appellant's motion to extend the time to have the case placed on the calendar for argument will be denied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

Actions by Philip Callan and by Mary O'Beirne against Peter Callan and others. Judgment for plaintiffs, and defendants appeal. On appellants' motions for additional time to have the cases placed on the calendar ready for argument. Motion denied, and appeals dismissed.

See, also, 138 N. Y. Supp. 1110, 1131.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Jacob Cebulsky, of New York City, for the motion.

Cornelius Huth and W. L. Tierney, both of New York City, opposed.

PER CURIAM. Judgment in these two actions was entered on June 26, 1912, and notice of appeal was served on July 23, 1912. The defendant then obtained 120 days within which to .make and serve a case. No such case having been served, the respondent moved to

dismiss the appeal, which by order entered December 27, 1912, was granted, unless appellant procured return to be filed and case printed and served and filed, and the cases on the calender for argument, one on January 13, and the other on January 22, 1913. Up to these dates no case was served, and appellant now moves for additional time to have the cases on the calendar ready for argument. He bases this application on the fact that one of the official stenographers was in Europe during the summer, and that it was therefore impossible to obtain the minutes, and for that reason appellant could not prepare the case.

In answer to the allegation, it appears that the official stenographer was not in Europe, that the appellant could have obtained the stenographer's minutes at any time, and that no order was given for the minutes to the stenographer until after January 1, 1913. This would appear to be a deliberate attempt to deceive the court. There is not a particle of excuse for the failure of defendant to file the case within the time allowed by the trial court. There is not a particle of excuse for the failure of defendant to prepare and serve case and papers on appeal within the time allowed by this court. The defendant's attorney, having failed to comply with the rules requiring him to print and serve case and papers on appeal, to excuse such default, has made an affidavit which is misleading and could only be intended to deceive. Such practice cannot be too strongly condemned, and it must result in a denial of this motion.

Motion to extend time is therefore denied, with $10 costs, and the appeal stands dismissed.